LOUISIANA DELTA HARDWOOD LUMBER COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8006. Promulgated October 21, 1946.

*Walter E. Barton, Esq.*, for the petitioner.

*D. Louis Bergeron, Esq.*, and *Roland K. Jones, Esq.*, for the respondent.

**OPINION.**

HILL, *Judge*: *Net operating loss deduction issue.*—Respondent, in arriving at the net operating loss deduction for 1941, reduced petitioner's net operating loss carry-over of $41,484.09 by $37,341.38, which latter figure represents the excess of 1941 percentage depletion over cost depletion. Since there was no allowable cost depletion, all of the percentage depletion constitutes such excess. Respondent argues that this reduction was made in accordance with section 122 of the Internal Revenue Code, as interpreted by the regulations. Petitioner contends that this reduction is improper and not warranted by the statute. We think respondent must be sustained.

Section 122 (c) provides:

SEC. 122. NET OPERATING LOSS DEDUCTION.

\*        \*        \*        \*        \*        \*        \*

(c) Amount of Net Operating Loss Deduction.—The amount of the net operating loss deduction shall be the aggregate of the net operating loss carry-overs and of the net operating loss carry-backs to the taxable year reduced by the amount, if any, by which the net income (computed with the exceptions and limitations provided in subsection (d) (1), (2), (3), and (4)) exceeds, in the case of a taxpayer other than a corporation, the net income (computed without such deduction), or, in the case of a corporation, the normal-tax net income (computed without such deduction).

Section 122 (d) (1) and (3) provides that:

The exceptions and limitations referred to in subsections (a), (b), and (c) shall be as follows:

(1) The deduction for depletion shall not exceed the amount which would be allowable if computed without reference to discovery value or to percentage depletion under section 114 (b) (2), (3), or (4) ;

\*     \*     \*     \*     \*     \*     \*

(3) No net operating loss deduction shall be allowed.

In our opinion the above quoted provisions, as applied to the instant case, clearly require, for purposes of arriving at the amount of petitioner's net operating loss deduction for 1941, that petitioner's net operating loss carry-over be reduced by the difference between petitioner's 1941 net income increased by the 1941 percentage depletion and petitioner's 1941 normal tax net income. The difference in this case is the amount of the percentage depletion taken as a deduction in 1941 and this is the amount by which respondent reduced the net operating loss carry-over for the purposes of determining the amount of the net operating loss deduction.

Petitioner, on brief, states:

\*   \*   ⁀\* There is no specific language in Section 122 from beginning to end stating that the adjustments referred to in Section 122 (d) are required to be made in respect of the taxable year. • • •

This statements either overlooks section 122 (c) or misconstrues its proper meaning. Petitioner's confusion is, we think, partly due to a failure to recognize that the 122 (d) adjustments to 1941 income under section 122 (c) are made only for the purpose of determining the net operating loss deduction. Except for this purpose, section 122 (d) does not affect the 1941 income nor otherwise exclude the percentage depletion deduction.

Petitioner further states that certain of the oil leases expired in 1942 and 1943 and that as a result portions of the percentage depletion taken in 1941 had to be restored to income in those later years. From this petitioner argues that it is a tax hardship on it to reduce its net operating loss deduction by percentage depletion which in later years may be restored to income. If there were merit in this contention, it would seem to us to be a fault which only Congress could properly correct.

We hold that the respondent's determination in reducing petitioner's net operating loss deduction was correct.

*Capital stock tax issue.*—Petitioner, on its 1941 return, deducted $5,000 representing capital stock tax for the capital stock tax year ended June 30, 1941, which was paid during the calendar year 1941. Petitioner now claims that the proper deduction in 1941 on account of capital stock tax should be $2,875, or an amount based on monthly accruals during the calendar year 1941 of the capital stock tax for the last half of the capital stock tax year ended June 30, 1941, and the first half of the capital stock tax year which commenced July 1,

1941. Respondent contends that, for the capital stock tax year ended June 30, 1942, petitioner can deduct only the amount of $750 representing the capital stock tax which accrued July 1, 1941.

The issue, therefore, is whether petitioner may treat its capital stock tax liability as accruing month by month during the calendar year, as petitioner contends, or whether the capital stock tax must be treated as accruing entirely on the first day of the capital stock tax year, as respondent contends. Treating capital stock tax liability on a monthly accrual basis has been approved where such treatment has been consistently followed by the taxpayer and no distortion of income is involved. *Atlantic Coast Line Railroad Co.*, 4 T. C. 140; G. C. M. 24461, 1945 C. B. 111. Such treatment is in the nature of an exception to the generally accepted concepts of accrual accounting. The authorities cited above countenanced the exception, but emphasized that "The dominant characteristic of this situation is that petitioner has consistently followed the method of accounting it now seeks to have approved." We think the approval of monthly accruals of capital stock taxes should be limited to situations wherein such treatment has been consistently followed by the taxpayer and should not extend to permit innovations. Since in the instant case petitioner has not consistently followed a method of monthly accruals, we do not think it is desirable or proper to permit the initiation of such treatment now. We therefore hold that petitioner is entitled to deduct in the calendar year 1941 only the capital stock tax which accrued on July 1, 1941, for the capital stock tax year ended July 30, 1942, or the amount of $750.

The petition raised an issue concerning the proper amount allowable as a deduction on account of accrued state income taxes. Since petitioner did not at the hearing or on brief mention or discuss this question, we consider it abandoned, and respondent's determination in this respect is therefore sustained.

*Decision will be entered under Rule 50.*