LOUISIANA DELTA HARDWOOD LUMBER CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11145. Promulgated April 14, 1949.

*Walter E. Barton, Esq.*, for the petitioner.
*D. Louis Bergeron, Esq.*, for the respondent.

OPINION.

HILL, *Judge*: The sole question for our decision in this case is whether petitioner should have included in its gross income for the taxable year 1942 the sum of $10,087.02 representing percentage depletion deducted in 1941 on bonuses or advance royalties received by petitioner as lessor of oil and gas leases which were relinquished in 1942 before any mineral was extracted therefrom. Respondent contends that such inclusion is required by Regulations 111, section 29.23 (m)–10 (c).[1]

The first argument advanced by petitioner against this contention is that, while Regulations 111, section 29.23 (m)–10 (c), may have the force and effect of law by virtue of *Douglas* v. *Commissioner*, 322 U. S. 275, yet it applies only to cost depletion and not to percentage depletion. This point has been raised before, and it is now well established that the regulation covers both types of depletion. Both this Court and a Circuit Court have held that, where the statutory deduction for depletion on a bonus or advance royalty is taken on the percentage basis, and the lease is terminated before any mineral has been extracted, the taxpayer must restore to income the amount of such deduction as of the year of the termination of the lease. See *Grace M. Barnett*, 39 B. T. A. 864; *J. T. Sneed, Jr.*, 40 B. T. A. 1136; affd., 119 Fed. (2d) 767; rehearing denied, 121 Fed. (2d) 725; certiorari denied, 314 U. S. 686; and *Dolores Crabb*, 41 B. T. A. 686; affd., 119 Fed. (2d) 772 (remanded on another point, 121 Fed. (2d) 1015).

Petitioner next contends that it received no taxable income as defined by section 22 (a) of the Internal Revenue Code upon the release

---

[1] SEC. 29.23 (m)–10. DEPLETION—ADJUSTMENTS OF ACCOUNTS BASED ON BONUS OR ADVANCED ROYALTY. * * *

* * * * * * *

(c) If for any reason any grant of mineral rights expires or terminates or is abandoned before the mineral which has been paid for in advance has been extracted and removed, the grantor shall adjust his capital account by restoring thereto the depletion deductions made in prior years on account of royalties on mineral paid for but not removed, and a corresponding amount must be returned as income for the year in which such expiration. termination, or abandonment occurs.

of the oil leases in 1942, because the surrendered leases had no value. This contention is answered in *Douglas* v. *Commissioner*, *supra*. As the Supreme Court there pointed out, the surrender of a lease returns to the taxpayer the right to extract without royalty the mineral for which the royalty was prepaid. The taxpayer is then in a position to again sell the right to extract the mineral or to develop the natural resource himself. The lessee paid for the right the amount attributed to the taxpayer's income. Irrespective of the actual value of the right at the termination of the lease, it is not unfair for a general regulation to put this value on the right restored to the taxpayer in the year of restoration. In fact, petitioner in the instant case admits that, as to leases Nos. 60, 62, and 62–A, their worthlessness for oil-producing purposes was never proved. Therefore, in line with *Douglas* v. *Commissioner*, *supra*, we reject the argument that no income was received by petitioner upon the surrender of the leases.

But petitioner argues that *Douglas* v. *Commissioner*, *supra*, established no precedent for us to apply to the instant facts, since the depletion involved in that case was taken on the cost basis, rather than on the percentage basis. Yet the Supreme Court stated earlier, in *Herring* v. *Commissioner*, 293 U. S. 322, that the nature and purpose of the allowance for cost and percentage depletion was the same and found neither statutory authority nor logical justification for distinguishing between them. Therefore, we think the decision in *Douglas* v. *Commissioner*, *supra*, would have been no different had percentage depletion been involved.

Finally, petitioner argues that Regulations 111, section 29.23 (m)–10 (c), does not require that a depletion deduction taken on an advance royalty be restored to income when the lease is relinquished without production where the taxpayer has not received a tax benefit therefrom, and, if it does so, it is invalid as opposed to *Dobson* v. *Commissioner*, 320 U. S. 489. Petitioner considers that no tax benefit was received from the percentage depletion deductions taken in 1941 because, though they were allowed in full, yet the deduction for the net operating loss carried forward from 1940 was thereby disallowed to the extent of the depletion deducted. Petitioner demonstrates that its income tax for 1941 would have been the same if the percentage depletion had not been taken, since the net operating loss carry-over would have then been allowed in full. The flaw in this argument is that petitioner actually received tax benefit from the percentage depletion taken in 1941, since it was fully effective to offset taxable income. It was the tax benefit of the full net operating loss carried forward from 1940 which petitioner failed to receive by its election to take percentage depletion. There is no such interrelationship between

the net operating loss in 1940 and the percentage depletion on the oil leases in 1941 that would justify their being treated as component parts of a single transaction so that when the leases were surrendered in 1942 petitioner thereby realized no economic gain. Consequently, the instant case falls outside the tax benefit doctrine set forth in *Dobson* v. *Commissioner, supra.* Furthermore, in *Douglas* v. *Commissioner, supra,* decided after the *Dobson case,* the Supreme Court upheld the Circuit Court in denying the applicability of the tax benefit theory to the restoration of cost depletion taken in a prior year to income in the year when the mineral lease was surrendered without production, despite the fact that the taxpayer had received no tax benefit from the depletion deduction because she had sustained a net loss before taking it. Since in *Herring* v. *Commissioner, supra,* the Supreme Court has taken the view that cost depletion and percentage depletion allowances are the same in nature and purpose, the fact that the instant case deals with percentage depletion forms no valid basis for distinguishing it from *Douglas* v. *Commissioner, supra,* and we are thus bound by that decision on this point. Therefore, respondent's determination is sustained.

*Decision will be entered for respondent.*